UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GEO GROUP, INC., | No. 2:20-cv-00533-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| GAVIN C. NEWSOM, in his official capacity as Governor of the State of California; XAVIER BECERRA, in his official capacity as Attorney General of the State of California, | |
| Defendants. | |

This matter is before the Court on Plaintiff Geo Group, Inc.'s ("GEO") *Ex Parte* Application to Stay Proceedings Pending Resolution of Appeal. (ECF No. 31.) Defendants Governor Gavin Newsom and Attorney General Xavier Becerra (collectively, "Defendants") filed an opposition. (ECF No. 32.) For the reasons set forth below, the Court GRANTS GEO's application.

///

///

///

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

GEO brought the instant action seeking (1) a declaratory judgment that SB-29, codified at California Civil Code § 1670.9(d) ("§ 1670.9(d)"), violates the Supremacy Clause and is unconstitutional as applied to GEO and (2) a preliminary and permanent injunction enjoining Defendants from enforcing § 1670.9(d) against GEO. (ECF No. 1 at 17.) GEO filed a motion for preliminary injunction on March 16, 2020. (ECF No. 16.) Defendants filed a motion to dismiss on May 28, 2020. (ECF No. 24.) Both motions were noticed for an August 20, 2020 hearing date. On August 13, 2020, the Court submitted both motions without oral argument and has not yet ruled on either motion. (ECF No. 30.)

GEO filed the instant *ex parte* application on August 17, 2020. (ECF No. 31.) In its application, GEO requests a stay of this action pending resolution of an appeal in *Immigrant Legal Resource Center v. City of McFarland*, No. 1:20-cv-00966-TLN-AC ("*ILRC*"), a related case in which GEO is a real party in interest. On August 11, 2020, this Court granted a preliminary injunction in *ILRC* enjoining the City of McFarland and GEO from executing permit modifications that allegedly violated § 1670.9(d). In granting the preliminary injunction, the Court thoroughly addressed GEO's constitutional arguments — which are nearly identical to the arguments GEO raises in the instant case — and found that GEO had not demonstrated § 1670.9(d) is unconstitutional for the purposes of ruling on the preliminary injunction. GEO appealed, and the matter is currently pending before the Ninth Circuit.

### II. STANDARD OF LAW

A district court has the "power to stay proceedings" as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). "This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.*

"Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Those competing interests include "[1] possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

### III.  ANALYSIS

In requesting a stay pending the outcome of the appeal in *ILRC*, GEO argues that because *ILRC* involves the same constitutional questions presented in this action, it would be an inefficient use of judicial resources for this Court to rule on the pending motions in this case before the Ninth Circuit has clarified the law governing the relevant issues. (ECF No. 31 at 2.) In opposition, Defendants argue GEO's application should be denied for two reasons: (1) the State is entitled to participate as a party in appellate proceedings that will likely address the constitutionality of a state statute; and (2) GEO has failed to show good cause for *ex parte* relief. (ECF No. 32 at 2.)

Looking to the *CMAX* factors, it is unclear what harm, if any, GEO would suffer if the Court denies the stay. However, the harm to Defendants if the Court grants the stay is also minimal.[1] Indeed, if the Court grants the stay, § 1670.9(d) will remain in effect, resulting in no harm to Defendants. Further, "it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864. Although Defendants argue they are entitled to participate as a party in appellate proceedings that will likely address the constitutionality of a state statute, Defendant has not

---

[1] Although Defendants take issue with GEO's decision to seek a stay *ex parte*, it bears mentioning that Defendants were given sufficient notice to file an opposition to the *ex parte* application. Therefore, whether or not an *ex parte* application was proper, it appears Defendants were not harmed by the *ex parte* filing. Regardless, it is within the Court's inherent power to determine whether to impose a stay. *See, e.g., N. Fork Rancheria of Mono Indians of California v. California*, No. 115-CV-00419-AWI-SAB, 2016 WL 4208452, at *7 (E.D. Cal. Aug. 10, 2016) (considering whether to impose a stay *sua sponte*).

demonstrated it is unable to intervene in the *ILRC* appeal, which will be decided with or without Defendants regardless of a stay in the instant action. Therefore, the parties' competing interests carry equal weight.

As for the Court's own interest in judicial economy, the parties do not dispute that *ILRC* and the instant case both involve a nearly identical constitutional challenge to § 1670.9(d). As such, the Court agrees with GEO that it would be an inefficient use of judicial resources to proceed with the instant case when the Ninth Circuit's ruling in *ILRC* may clarify the law on this novel and complex constitutional legal question. Therefore, the "orderly course of justice" weighs heavily in favor of granting the stay. *See CMAX*, 300 F.2d at 268. Based on the Court's strong interest in judicial economy — and in light of the minimal harm that would result to either party — the Court GRANTS GEO's application.

### IV. CONCLUSION

For the foregoing reasons, Defendant's *ex parte* application to stay the proceedings in this case and hold in abeyance GEO's motion for a preliminary or permanent injunction and the State of California's motion to dismiss until resolution of GEO's related appeal in *Immigrant Legal Resource Center v. City of McFarland*, No. 1:20-cv-00966-TLN-AC is GRANTED.

IT IS SO ORDERED.

DATED: August 30, 2020

Troy L. Nunley
United States District Judge

4