UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GEO GROUP, INC., | No. 2:20-cv-00533-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| GAVIN C. NEWSON, in his official capacity as Governor of the State of California; and ROB BONTA, in his official capacity as Attorney General of the State of California, | |
| Defendants. | |

This matter is before the Court on Plaintiff The Geo Group, Inc.'s ("Plaintiff") Motion for Preliminary Injunction. (ECF No. 16.) Also before the Court is Defendants Gavin C. Newsom and Rob Bonta's (collectively, "Defendants") Motion to Dismiss. (ECF No. 24.) Both motions have been fully briefed. For the reasons set forth below, the Court GRANTS Defendants' motion and DENIES Plaintiff's motion as moot.

///
///
///
///
///

1

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

At issue is California Civil Code § 1670.9(d) ("§ 1670.9(d)"), which creates a 180-day notice and a two-hearing requirement that local governments must follow prior to issuing new zoning permits for immigration detention facilities. (ECF No 1 at 1–2.) Section 1670.9(d) states,

> (d) A city, county, city and county, or public agency shall not, on and after January 1, 2018, approve or sign a deed, instrument, or other document related to a conveyance of land or issue a permit for the building or reuse of existing buildings by any private corporation, contractor, or vendor to house or detain noncitizens for purposes of civil immigration proceedings unless the city, county, city and county, or public agency has done both of the following:
>
> (1) Provided notice to the public of the proposed conveyance or permitting action *at least 180 days* before execution of the conveyance or permit.
>
> (2) Solicited and heard public comments on the proposed conveyance or permit action in *at least two separate meetings* open to the public.

Cal. Civ. Code § 1670.9(d) (emphasis added).

Plaintiff is a private company that owns and operates two dedicated Immigration and Customs Enforcement ("ICE") detention facilities in California: (1) the Mesa Verde ICE Processing Center ("Mesa Verde"); and (2) the Adelanto ICE Processing Center ("Adelanto"). (ECF No. 1 at 8.) Plaintiff also owns three nearby facilities which it previously operated as private prisons under contract with the California Department of Corrections and Rehabilitation: (1) the Desert View Modified Community Correctional Facility ("MCCF") ("Desert View"), located in Adelanto, California; (2) the Central Valley MCCF ("Central Valley"), located in McFarland, California; and (3) Golden State MCCF ("Golden State"), also located in McFarland, California. (*Id.* at 9–11.) Plaintiff seeks to operate Desert View as an annex to Adelanto and to operate Central Valley and Golden State as annexes to Mesa Verde. (*Id.*) To that end, Plaintiff contracted with ICE to begin operating Desert View, Central Valley, and Golden State as immigration detention facilities through 2034. (*Id.*) However, Plaintiff's existing conditional use permits ("CUPs") from the cities of Adelanto and McFarland do not allow Plaintiff to house male and female detainees in those facilities. (*Id.* at 12.) Plaintiff thus applied to both cities for CUP modifications. (*Id.*)

2

1   In accordance with § 1670.9(d), the Adelanto and McFarland planning commissions
2   noticed and held two public hearings each on Plaintiff's applications for CUP modifications.  (*Id.*
3   at 13–14.)  The City of McFarland issued its first public notice on January 10, 2020, and the City
4   of Adelanto issued its first public notice on January 11, 2020.  (*Id.* at 13.)  Therefore, pursuant to
5   § 1670.9(d), the soonest the cities could issue the modified CUPs was 180 days after these first
6   public notices, which equated to July 8, 2020, and July 9, 2020, respectively.  *See* Cal. Civ. Code
7   § 1670.9(d).  Plaintiff alleges § 1670.9(d)'s two-hearing and 180-day notice requirements cost
8   Plaintiff time, money, and other resources, especially considering the CUP-modification process
9   prior to § 1670.9(d) typically would be completed in less than 90 days.  (ECF No. 1 at 14–15.)

10   Plaintiff filed the instant action on March 9, 2020.  (*Id.* at 1.)  Plaintiff alleges § 1670.9(d)
11   violates the doctrine of intergovernmental immunity by both discriminating against and directly
12   regulating the federal government.  (*Id.* at 16–18.)  Plaintiff seeks a declaration that § 1670.9(d)
13   "violates the Supremacy Clause of the United States Constitution and is unconstitutional as
14   applied to [Plaintiff]."  (*Id.* at 17.)  Plaintiff also seeks injunctive relief prohibiting Defendants
15   from enforcing § 1670.9(d) against Plaintiff.  (*Id.*)

16   On March 16, 2020, Plaintiff filed a motion for preliminary injunction.  (ECF No. 16.)  On
17   May 28, 2020, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure
18   ("Rule") 12(b)(1) and 12(b)(6).  Because the Court intends to grant Defendant's motion to
19   dismiss based on mootness under Rule 12(b)(1), the Court need not and does not discuss the
20   parties' remaining arguments.

21   **II.    STANDARD OF LAW**

22   A Rule 12(b)(1) motion challenges a federal court's jurisdiction to decide claims alleged
23   in the complaint.  Fed. R. Civ. P. 12(b)(1); *see also id.* at 12(h)(3) ("If the court determines at any
24   time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "The
25   jurisdiction of federal courts depends on the existence of a 'case or controversy' under Article III
26   of the Constitution."  *Pub. Utils. Comm'n v. Fed. Energy Regulatory Comm'n*, 100 F.3d 1451,
27   1458 (9th Cir. 1996) (quoting *GTE Cal., Inc. v. FCC*, 39 F.3d 940, 945 (9th Cir. 1994)).  An
28   actual case or controversy must be live at all times during a particular litigation, not simply on the

1   date the action is initiated.  *Id.*  Accordingly, under the jurisdictional doctrine of mootness, "[i]f
2   an action or a claim loses its character as a live controversy, then the action or claim becomes
3   'moot,' and [a reviewing court] lack[s] jurisdiction to resolve the underlying dispute."  *Doe v.*
4   *Madison Sch. Dist. No. 321*, 177 F.3d 789, 797–98 (9th Cir. 1999) (en banc).

5         There is an exception to the mootness doctrine in cases that are "capable of repetition, yet
6   evading review."  *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).  This exception applies when: (1)
7   the duration of the challenged action is too short to allow full litigation before it ceases; and (2)
8   there is a reasonable expectation that the plaintiff will be subjected to the same action again.  *Id.*
9   As to the second prong, recurrence of the challenged action must not be too remote or
10  speculative.  *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122–23 (1974); *see also Murphy*,
11  455 U.S. at 482 ("a mere physical or theoretical possibility" of recurrence is insufficient . . .
12  [otherwise] "virtually any matter of short duration would be reviewable").  Instead, "there must
13  be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur
14  involving the same complaining party."  *Murphy*, 455 U.S. at 482.

15  **III.    ANALYSIS**

16        Defendants argue the Court should dismiss this action because Plaintiff's claims are now
17  moot.  (ECF No. 23 at 11.)  Defendants contend § 1670.9(d) no longer prevents the cities of
18  McFarland or Adelanto from issuing Plaintiff's modified CUPs for the Desert View, Golden
19  State, and Central Valley facilities because the 180-day notice period passed as of July 10, 2020.
20  (*Id.*)  Defendants further contend that the "capable of repetition, yet evading review" exception to
21  the mootness doctrine does not apply because it is too remote and speculative that Plaintiff would
22  need to obtain another permit from a local government in California subject to § 1670.9(d).  (*Id.*
23  at 12.)  Put simply, Defendants argue Plaintiff will already have the permits needed to lawfully
24  operate by the time this matter is heard and there is no "reasonable expectation or demonstrated
25  possibility" that the same controversy will occur for Plaintiff in the future.  (*Id.*)

26        In opposition, Plaintiff argues the "capable of repetition, yet evading review" exception
27  applies to this case.  (ECF No. 25 at 5.)  First, Plaintiff argues the 180-day delay in the issuance
28  of a permit is too short to be litigated prior to its cessation or expiration.  (*Id.*)  Second, Plaintiff

argues there is a reasonable expectation that it will be subjected to § 1670.9(d)'s requirements again. (*Id.*) As to the second prong, Plaintiff contends § 1670.9(d) is not necessarily limited to permits sought for constructing a new building or reusing an existing building to house or detain noncitizens for civil immigration proceedings. (*Id.* at 6.) Rather, Plaintiff argues "[§]1670.9(d) can reasonably be interpreted to apply to *all* future permit applications relating to [Plaintiff's] ICE detention facilities." (*Id.* at 6–7 (emphasis in original).) Plaintiff thus argues § 1670.9(d) will continue to apply to Plaintiff in the future each time it seeks *any* permit modification related to its immigration facilities in California. (*Id.*) Plaintiff also asserts "it is reasonable to expect that the Federal Government will request amendments to one or both contracts [with Plaintiff] at some point in the next fifteen years" and "it is reasonable to expect that such amendments will require [Plaintiff] to seek modifications of its CUPs, as [Plaintiff] has had to do for its immigration detention facilities in California in the past." (*Id.* at 7 (citing ECF No. 1 at ¶ 78).)

In reply, Defendants contend Plaintiff's interpretation of § 1670.9(d) is unreasonable. (ECF No. 26 at 7.) Defendants argue the text of § 1670.9(d) clearly applies only to permits for the building of facilities or reuse of existing buildings — not to buildings that already exist and house or detain noncitizens. (*Id.*) Defendants assert Plaintiff has submitted no evidence that there is a reasonable, non-speculative expectation that Plaintiff will seek a permit to either "build" or "reuse" an existing non-immigration detention facility for the purposes of immigration detention in the future. (*Id.*)

At the outset, it is undisputed that the first prong of the "capable of repetition, yet evading review" exception is met. Plaintiff is challenging § 1670.9(d)'s 180-day notice period, which is too short in duration to be litigated prior to its cessation or expiration. *See Murphy*, 455 U.S. at 482. The parties dispute only the second prong: whether there is a reasonable expectation Plaintiff will be subjected to the challenged action again. *Id.* The Court agrees with Defendants that there is not a sufficient showing of recurrence to meet the second prong. The controversy at issue is the delay and associated burdens § 1670.9(d) caused Plaintiff in obtaining CUP modifications to convert three existing facilities into immigration detention facilities. Plaintiff provides no argument or evidence to suggest that it will seek similar CUP modifications in the

future.  Plaintiff instead interprets § 1670.9(d) as applying to *any* permitting action and vaguely argues it is reasonable to expect the federal government will request amendments to its contracts with Plaintiff sometime within the next 15 years, which in turn will require Plaintiff to seek CUP modifications that will trigger §1670.9(d).  (ECF No. 25 at 7.)  Plaintiff's arguments lack any specificity and are purely theoretical, speculative, and remote.  This is insufficient to satisfy the second prong of the capable of repetition, yet evading review" exception.  *Super Tire Eng'g Co.*, 416 U.S. 115 at 122–23; *Murphy*, 455 U.S. at 482.

In sum, the Complaint indicates the purpose of this lawsuit was to obtain injunctive and declaratory relief based on § 1670.9(d)'s 180-day notice and two-hearing requirements as applied to Plaintiff as it sought specific CUP modifications.  It is undisputed that both of § 1670.9(d)'s requirements have been met for the controversy at issue.  Therefore, § 1670.9(d) no longer applies, and the Court is not persuaded that there is a "reasonable expectation or demonstrated possibility" Plaintiff will be subject to § 1670.9(d) again based on the current record.  As such, this action is moot.  *Doe*, 177 F.3d at 797–98.  The Court thus GRANTS Defendants' motion to dismiss and DISMISSES this action for lack of subject matter jurisdiction.  *Id.*

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 24), DISMISSES this action in its entirety, and DENIES as moot Plaintiff's Motion for Preliminary Injunction (ECF No. 16).  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED:  January 31, 2022

Troy L. Nunley
United States District Judge